**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MATTHEW WHITFIELD,                  : | |
|                                 : | Case No. _____ |
|       Plaintiff,            : | |
|                                 : | <u>JURY TRIAL DEMANDED</u> |
|       v.                     : | |
|                                 : | **COMPLAINT FOR VIOLATION OF THE** |
| COVANTA HOLDING CORPORATION,    : | <u>**SECURITIES EXCHANGE ACT OF 1934**</u> |
| SAMUEL ZELL, DAVID M. BARSE,       : | |
| RONALD J. BROGLIO, PETER C. B.      : | |
| BYNOE, LINDA J. FISHER, JOSEPH      : | |
| HOLSTEN, OWEN MICHAELSON,        : | |
| DANIELLE PLETKA, MICHAEL W.       : | |
| RANGER, ROBERT S. SILBERMAN, and   : | |
| JEAN SMITH,                          : | |
|                                 : | |
|      Defendants.           : | |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

**NATURE OF ACTION**

1. On July 14, 2021, Covanta Holding Corporation ("Covanta" or the "Company") entered into an agreement and plan of merger (the "Merger Agreement") with Covert Intermediate, Inc. ("Parent') and Covert Mergeco, Inc. ("Merger Sub"), affiliates of EQT Infrastructure ("EQT") (the "Proposed Merger").

2. Under the terms of the Merger Agreement, Covanta's stockholders will receive $20.25 in cash per share.

3. On September 2, 2021, defendants filed a proxy statement (the "Proxy") with the U.S. Securities and Exchange Commission (the "SEC").

4.      As alleged herein, the Proxy fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6.      This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## THE PARTIES

8.      Plaintiff is and has been continuously throughout all relevant times the owner of Covanta common stock.

9.      Defendant Covanta is a Delaware corporation. Covanta's common stock is traded on the New York Stock Exchange under the ticker symbol "CVA."

10.     Defendant Samuel Zell is Chairman of the Board of Directors of Covanta (the "Board").

11.     Defendant David M. Barse is a member of the Board.

12.     Defendant Ronald J. Broglio is a member of the Board.

13.     Defendant Peter C. B. Bynoe is a member of the Board.

14.     Defendant Linda J. Fisher is a member of the Board.

15.     Defendant Joseph Holsten is a member of the Board.

16.     Defendant Owen Michaelson is a member of the Board.

17.     Defendant Danielle Pletka is a member of the Board.

18.     Defendant Michael W. Ranger is President, Chief Executive Officer, and a member of the Board.

19.     Defendant Robert S. Silberman is a member of the Board.

20.     Defendant Jean Smith is a member of the Board.

21.     Defendants identified in ¶¶ 10-20 are referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

22.      Covanta is a world leader in providing sustainable waste and energy solutions.

23.     On July 14, 2021, Covanta entered into the Merger Agreement.

24.     The press release announcing the Proposed Merger provides as follows:

Covanta Holding Corporation (NYSE: CVA), a world leader in sustainable waste and energy solutions, today announced that it has entered into a definitive agreement with EQT Infrastructure ("EQT"), whereby EQT will acquire all shares of Covanta common stock for $20.25 per share. The purchase price represents an approximately 37% premium to Covanta's unaffected share price of $14.78 on June 8th, the day prior to initial media speculation of a transaction. The acquisition is subject to Covanta shareholder approval, as well as customary government approvals, and is expected to close in the fourth quarter of this year. The agreement resulted from a competitive sale process and is not subject to a financing condition.

"We are pleased to announce this agreement with EQT," said Michael Ranger, Covanta President and CEO. "Our comprehensive analysis during the past nine months has been singularly focused on enhancing value for our shareholders. EQT certainly recognizes the value we see in our business, and this transaction represents an excellent outcome of our strategic review. Furthermore, as an organization dedicated to sustainability and environmental stewardship, EQT shares our vision for a safer, cleaner and more prosperous future through sustainable waste management thereby ensuring no waste is ever wasted. We couldn't ask for a better

partner as we embark on this next phase of our company's evolution, delivering on our goal of building a sustainable future for all stakeholders."

Covanta is the world's leading waste-to-energy provider, operating facilities in North America, Europe and the UK. Annually, Covanta's 40 plus facilities process approximately 21 million tons of waste from municipalities and businesses and convert it into renewable electricity to power over one million homes.

Transaction Details

Following the completion of the acquisition, EQT will work with Covanta's management team to build upon its impressive strengths including its portfolio of assets that provide essential waste services to municipalities and commercial customers, its long-term community relationships, as well as its numerous growth opportunities, including through a robust UK project pipeline of new waste-to-energy infrastructure and Covanta's Environmental Solutions platform. Covanta will maintain its corporate headquarters in Morristown, New Jersey and its management team is expected to remain in place.

Alex Darden, Partner within EQT Infrastructure's Advisory Team, said, "EQT and Covanta are proven business leaders who share a like-minded approach to environmental stewardship, and this acquisition aligns directly with EQT's thematic approach of investing in sustainable businesses that have a positive impact on society. EQT is excited to partner with the entire Covanta team and to invest in organizational, operational, and digital technology initiatives that will enhance Covanta's ability to provide sustainable solutions to growing waste challenges. As a responsible investor, EQT is committed to working with Covanta on transforming and supporting the energy transition and circular economy across its local communities."

Sam Zell, Covanta's Chairman of the Board, commented, "This agreement represents the successful completion of many months of work by members of Covanta's senior leadership team as they executed the in-depth review of the company's operations, growth priorities and capital structure announced in October of last year. This fulsome effort culminated in a competitive process that we believe provides the best risk-adjusted value for shareholders."

Advisors

BofA Securities acted as financial advisor to Covanta and Debevoise & Plimpton LLP provided legal counsel.

25.     On September 2, 2021, defendants filed the Proxy, which fails to disclose material information regarding the Proposed Merger.

Financial Projections

26.     The Proxy fails to disclose material information regarding Covanta's financial projections.  The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

27.     The Proxy fails to disclose the line items used to calculate the projections.

Financial Analyses

28.     The Proxy fails to disclose material information regarding the financial analyses conducted by BofA Securities ("BofA").  When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

29.     Regarding BofA's Selected Publicly Traded Companies Analysis, the Proxy fails to disclose the individual multiples for the companies.

30.     Regarding BofA's Selected Precedent Transactions Analysis, the Proxy fails to disclose: (i) the individual multiples for the transactions; (ii) net debt; and (iii) the number of fully-diluted shares of common stock outstanding of Covanta.

31.     Regarding BofA's Discounted Cash Flow Analysis, the Proxy fails to disclose: (i) the terminal values; and (ii) the inputs and assumptions underlying the discount rates and perpetuity growth rates.

32.     Regarding BofA's Wall Street Analysts Price Targets analysis, the Proxy fails to disclose: (i) the observed price targets; and (ii) the sources of the price targets.

## COUNT I

### Claim Against the Individual Defendants and Covanta for Violation of Section 14(a) of the Exchange Act and Rule 14a-9

33.     Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

34.     The Individual Defendants disseminated the false and misleading Proxy, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

35.     Covanta is liable as the issuer of these statements.

36.     The Proxy was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy.

37.     The Individual Defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

38.     The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

39.     A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy and in other information reasonably available to stockholders.

40.     The Proxy is an essential link in causing plaintiff to approve the Proposed Merger.

41.     Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

42.     Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

43.     Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

44.     The Individual Defendants acted as controlling persons of Covanta within the meaning of Section 20(a) of the Exchange Act as alleged herein.

45.     Due to their positions as officers and/or directors of Covanta and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

46.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

47.     Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

48.     The Proxy contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger.  They were thus directly involved in the making of the Proxy.

49.     Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

50.     The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

51.     These defendants are liable pursuant to Section 20(a) of the Exchange Act.

52.     Plaintiff is threatened with irreparable harm.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B.     In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C.     Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.     Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E.     Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

F.     Granting such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff requests a trial by jury on all issues so triable.

Dated:  September 23, 2021                           **GRABAR LAW OFFICE**

By:  _____
          Joshua H. Grabar (#82525)
          One Liberty Place
          1650 Market Street, Suite 3600
          Philadelphia, PA 19103
          267-507-6085
          jgrabar@grabarlaw.com

          *Counsel for Plaintiff*